**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSE ISMAEL VENTURA
AND KEVIN VENTURA,

                    Petitioners,

      - against -

UNITED STATES OF AMERICA,

                    Respondent.

18-cv-9179 (JGK)
20-cv-8064 (JGK)
09-cr-1015 (JGK)

MEMORANDUM
OPINION & ORDER

---

**JOHN G. KOELTL, District Judge:**

The petitioners, Jose Ismael Ventura and his son Kevin Ventura, are serving life sentences for their involvement in, among other crimes, the murder-for-hire of Eugene Garrido, who was Jose Ventura's nephew and Kevin Ventura's cousin. Each petitioner has moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On October 19, 2022, this Court determined that an evidentiary hearing was necessary to resolve factual issues in connection with the Section 2255 motions. ECF No. 34 in No. 18-cv-9179.[1] The Court appointed counsel to represent the petitioners in connection with the hearing: David J. Cohen was appointed for Kevin Ventura on October 20, 2022, and Richard Ma was appointed for Jose Ventura on November 14,

---

[1] Unless otherwise noted, all record citations are to _Jose Ismael Ventura v. United States_, No. 18-cv-9179.

2022. ECF Nos. 35, 40.[2] On March 15, 2023, after several
adjournments, the Court scheduled the evidentiary hearing to
begin on June 29, 2023, at 10:30 a.m. ECF No. 45.

At 9:35 p.m. on June 27, 2023, less than two days before
the hearing, Mr. Ma filed a two-paragraph letter requesting a
"change of counsel hearing for the appointment of new counsel"
for Jose Ventura. ECF No. 47 at 1. Mr. Ma represented that he

> met with [Jose] Ventura both today and yesterday, and on
> both occasions he has expressed to me that he has no
> confidence, trust or faith in my representation. Our
> communications have broken down, as he refuses to
> communicate or cooperate with me. Mr. Ventura is of the
> strong opinion that my continued representation is
> detrimental to his defense and he requests that new
> counsel be appointed. Mr. Ventura understands that
> substitution of counsel will result in delay of his
> hearing and post-conviction motions, but he insists that
> he would rather delay the proceedings than move forward
> with me as his attorney. Therefore, Mr. Ventura and I
> respectfully request a change of counsel hearing.

Id.

On June 29, 2023, before proceeding with the evidentiary
hearing, the Court listened to argument by Mr. Ma in open court.
Mr. Ma reiterated that communications with Jose Ventura had
broken down and that he supported his client's request for new
counsel. On the other hand, Mr. Ma explained that he had
prepared for the evidentiary hearing and was prepared to proceed

---

[2] Initially, the Court appointed Calvin H. Scholar to represent Jose
Ventura. ECF No. 35. The Court substituted Mr. Ma after Mr. Scholar
advised the Court of a scheduling conflict. ECF No. 40.

if required to do so. With the Government's agreement, the Court then listened to Mr. Ma and Jose Ventura in an <u>in camera</u> proceeding, outside the presence of the Government but in the presence of Kevin Ventura and his counsel, Mr. Cohen. Mr. Ma and Jose Ventura elaborated on their reasons for requesting a substitution of counsel. At the end of that proceeding, the Court found that there was no basis to substitute counsel. The Court reiterated this conclusion in open court. The evidentiary hearing then proceeded. It was obvious that Mr. Ma was thoroughly prepared for the hearing, and he ably examined and cross-examined various witnesses during the two-day hearing.

The Court now provides a more complete explanation of the reasons for denying the request for substitution of counsel.

As Judge Meyer in the District of Connecticut recently explained:

> Where, as here, a court has appointed counsel to represent a criminal defendant, a criminal defendant does not have an unfettered right to reject his appointed counsel and to insist on the appointment of new counsel. As the Second Circuit has explained, "[a] trial court may require a defendant to proceed to trial with counsel not of defendant's choosing," and "certain restraints must be put on the reassignment of counsel, lest the right be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." Moreover, "[w]here the application is made during or on the eve of trial, a defendant can only substitute new counsel when unusual circumstances are found to exist, such as a complete breakdown of communication or an irreconcilable conflict."

United States v. Walters, No. 20-cr-89, 2022 WL 1301958, at *4
(D. Conn. Mar. 25, 2022) (quoting United States v. Miranda, 152
F.3d 921, at *1 (2d Cir. 1998)).[3]

The Court of Appeals for the Second Circuit has identified
four factors to be considered in connection with a request to
substitute counsel: "(1) the timeliness of defendant's request
for new counsel; (2) the adequacy of the trial court's inquiry
into the matter; (3) whether the conflict resulted in a total
lack of communication between the defendant and his attorney;
and (4) whether the defendant's own conduct contributed to the
communication breakdown." United States v. Carreto, 583 F.3d
152, 158 (2d Cir. 2009). "Although these factors are framed as
factors to guide appellate review, they are useful for a
district court as well in deciding whether to exercise its
discretion to grant a motion to withdraw and to appoint
substitute counsel." Walters, 2022 WL 1301958, at *5. Moreover,
although the factors were formulated in the context of a
defendant's motion to substitute counsel during criminal
proceedings, none of the parties in this case dispute that the
factors properly may be applied to motions to substitute counsel
in Section 2255 proceedings.

---

[3] Unless otherwise noted, this Memorandum Opinion & Order omits all
alterations, citations, footnotes, and internal quotation marks in quoted
text.

All four factors suggested strongly that the request to substitute Jose Ventura's counsel should be denied.

With respect to the first factor, the request by Mr. Ma and Jose Ventura was egregiously untimely. The request was made two days before the start of an evidentiary hearing -- sought by the petitioners -- that required considerable preparation and logistical planning. Jose and Kevin Ventura are incarcerated and had to be brought into this District with security. They planned to call at least one witness, also incarcerated, who had to be brought into the District with security. The Government planned to call three witnesses whose schedules had to be coordinated. And the petitioners called an additional witness at the hearing. Any substitution of counsel would have required a considerable delay while new counsel became acquainted with an extremely complicated record and the schedules of witnesses and counsel would have to be coordinated again.

These complications were caused by the last minute request to change counsel, which could have -- and, if valid, should have -- been raised months before the scheduled hearing. Mr. Ma had represented Jose Ventura since November 14, 2022 -- over seven months before the request to substitute counsel. Despite that lengthy representation, the request for substitution was made for the first time less than two days before the scheduled beginning of the evidentiary hearing. For over three months --

5

since March 16, 2023 -- the hearing had been scheduled to begin on June 29, 2023. Any rescheduling would have been highly disruptive. Requests for substitution of counsel with far more notice before a trial or hearing have been found to be untimely. See, e.g., United States v. Scott, 637 F. App'x 10, 14 (2d Cir. 2015) (less than three weeks before trial); Walters, 2022 WL 1301958, at *5 (same).

The untimeliness of the request suggests that the application was not made for a proper purpose. If there had been a valid basis for the substitution of counsel, it would have been brought to the Court's attention more than two days before the hearing, when counsel had been appointed seven months before the hearing and when the hearing itself had been scheduled for three months.

As to the second factor, the Court conducted a thorough inquiry to determine whether substitution was proper. The Court of Appeals has instructed that this inquiry should not be "merely a perfunctory, superficial inquiry," but rather should be "an inquiry detailed enough for the court to determine that substitution [i]s unwarranted." United States v. John Doe No. 1, 272 F.3d 116, 124 (2d Cir. 2001). The inquiry here was far from perfunctory. After reviewing Mr. Ma's letter and hearing from Mr. Ma in open court, the Court conducted an in camera proceeding in the presence of both petitioners and their

6

attorneys to assess the nature of the alleged conflict and the
breakdown in the attorney-client relationship between Mr. Ma and
Jose Ventura. The Court gave Mr. Ma and Jose Ventura a full
opportunity to elaborate on their concerns beyond what Mr. Ma
had written in his letter and stated in open court.

This detailed inquiry allowed the Court to determine that
substitution of counsel for Jose Ventura was unwarranted.
Initially, Mr. Ma explained that he and Jose Ventura had
disagreed about whether to produce a document that ultimately
was produced to the Government. When Jose Ventura explained why
he wanted new counsel, however, he downplayed any dispute over
production of the document, instead relying on a general lack of
confidence in Mr. Ma. But Jose Ventura offered no legitimate
basis, such as lack of communication or preparation, for this
belief. To the contrary, Mr. Ma had met with Jose Ventura on
three or four occasions before the hearing, and Mr. Ma plainly
was prepared for the hearing. Jose Ventura also stated that he
had wanted to keep working with Mr. Ma but that they were not on
the same page in thinking about the case. While "loss of trust
is certainly a factor in assessing good cause, a defendant
seeking substitution of assigned counsel must nevertheless
afford the court with legitimate reasons for the lack of
confidence." McKee v. Harris, 649 F.2d 927, 932 (2d Cir. 1981).
Neither Mr. Ma nor Jose Ventura articulated any such reasons.

7

The Court's inquiry also allowed it to conclude that, as to
the third factor, the conflict between Mr. Ma and Jose Ventura
was not "so great that it resulted in a total lack of
communication preventing an adequate defense," and that, as to
the fourth factor, the "defendant's own conduct contribut[ed] to
the communication breakdown." See John Doe No. 1, 272 F.3d at
122-23. Where, as here, counsel "carries out his or her
professional duties," "cross-examines witnesses, and meets with
the defendant, the existing strife between them is likely not so
great" as to constitute a "total lack of communication
preventing an adequate defense." United States v. Rowell, No.
09-cr-231, 2010 WL 3582379, at *6 (D. Conn. Sept. 7, 2010),
aff'd, 457 F. App'x 49 (2d Cir. 2012); see also Carreto, 583
F.3d at 159 ("There was not a total lack of communication
between Alonso and his counsel. To the contrary, Alonso's
counsel had met with him seven times, for approximately an hour
each time."). Beyond meeting with Jose Ventura several times,
Mr. Ma's preparation for the two-day hearing and his able
examination and cross-examination of witnesses shows he gave
careful attention to the hearing. Any breakdown in communication
shortly before the hearing did not prevent Mr. Ma from
adequately representing Jose Ventura.

Moreover, Jose Ventura's conduct contributed to any
communication breakdown that did exist. In his letter, Mr. Ma

stated that Jose Ventura had developed the "strong opinion" that Mr. Ma's "continued representation [was] detrimental to his defense" and that Jose Ventura therefore ceased communicating and cooperating with Mr. Ma. ECF No. 47 at 1. In camera, Mr. Ma and Jose Ventura reiterated the same points. But a defendant may not interfere with the timing of a proceeding -- especially one requiring as much preparation and coordination as the hearing here did -- by unjustifiably refusing to communicate and cooperate with his attorney. See McKee, 649 F.2d at 932 (explaining that a counseled defendant is not "entitled to demand a reassignment of counsel simply on the basis of a breakdown in communication which he himself induced"). Nor does a counseled defendant have the "automatic right to . . . insist on new counsel whenever he and his attorney differ on strategy." United States v. Rivernider, 828 F.3d 91, 107 (2d Cir. 2016). Whatever disagreements Jose Ventura may have had with Mr. Ma's preparation for the hearing, none that were articulated to the Court justified Jose Ventura's failure to communicate and cooperate with Mr. Ma or warranted a substitution of counsel.

Ultimately, in assessing a motion to substitute counsel, the Court must ensure that the right to counsel is not "manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." McKee, 649 F.2d at 931. The request to substitute Jose Ventura's

9

counsel was egregiously untimely, and neither attorney nor client offered legitimate reasons for the substitution. Accordingly, the Court denied the request.

### CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the request to substitute Jose Ventura's counsel is **denied**. The Clerk is directed to enter this Memorandum Opinion & Order in Nos. 18-cv-9179, 20-cv-8064, and 09-cr-1015. The Clerk is respectfully directed to close ECF No. 47 in No. 18-cv-9179.

**SO ORDERED.**

Dated:    **New York, New York**
          **July 6, 2023**

                                      **John G. Koeltl**
                            **United States District Judge**